

FILED
2/23/2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ANNA PAWELCZAK, an individual; on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>FINANCIAL RECOVERY SERVICES, INC., a Minnesota Corporation,<br><br>　　　　　Defendant. | Civil Action No. 1:11-cv-02214<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br>--and--<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ANNA PAWELCZAK ("PAWELCZAK"), on behalf of herself and all others similarly situated, by way of this First Amended Class Action Complaint against Defendant, says:

### I. PARTIES

1.　　PAWELCZAK is a natural person.

2.　　At all times relevant to this complaint, PAWELCZAK has been a citizen of, and resided in, the Village of Mount Prospect, Cook County, Illinois.

3.　　At all times relevant to this complaint, FINANCIAL RECOVERY SERVICES, INC. ("FINANCIAL RECOVERY") is a for-profit corporation existing pursuant to the laws of the State of Minnesota. FINANCIAL RECOVERY maintains its principal business address at 4640 West 77th Street, Suite 300, Edina, Minnesota 55435.

Page 1 of 15

## II. JURISDICTION & VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

6. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendant is subject to personal jurisdiction in the State of Illinois at the time this action is commenced.

## III. PRELIMINARY STATEMENT

7. Plaintiff, on her own behalf and on behalf of the class she seeks to represent, and demanding a trial by jury, brings this action for the illegal practices of the Defendant who used false, deceptive and misleading practices, and other illegal practices, in connection with its attempts to collect alleged debts from the Plaintiff and others. Plaintiff alleges that the Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

8. Such practices include, *inter alia*:

   (a) Placing telephone calls to consumers and others, which fail to provide meaningful disclosure of FINANCIAL RECOVERY's identity;

   (b) Placing telephone calls to consumers, which deliver a pre-recorded message that fails to disclose that the call is from a debt collector; and

   (c) Placing telephone calls to consumers, which deliver a pre-recorded message that fails to disclose the purpose or nature of the communication, i.e. an attempt to collect a debt.

9. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

10. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

11. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations is the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

12. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C.

§ 1692e(10); and the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

13. The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

14. The Plaintiff, on behalf of herself and all others similarly situated, requests that she and the class members be awarded statutory, common law, or actual damages payable by the Defendant.

## IV. FACTS CONCERNING PLAINTIFF

15. Sometime prior to April 19, 2010, PAWELCZAK allegedly incurred a financial obligation ("Pawelczak Obligation").

16. The Pawelczak Obligation arises out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

17. Defendant contends that PAWELCZAK defaulted on the Pawelczak Obligation.

18. The Pawelczak Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

19. PAWELCZAK is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

20. PAWELCZAK is informed and believes, and on that basis alleges, that sometime prior to April 19, 2010, the Pawelczak Obligation was either directly or through intermediate transactions assigned, placed, transferred, or sold to FINANCIAL RECOVERY for collection.

21. FINANCIAL RECOVERY collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

22. Within the one year immediately preceding the filing of this complaint, FINANCIAL RECOVERY contacted PAWELCZAK via telephone in an attempt to collect the Pawelczak Obligation.

23. FINANCIAL RECOVERY is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

24. In connection with its attempts to collect debts from the Plaintiff and other consumers, FINANCIAL RECOVERY contracted the services of a third-party vendor named Global Connect Strategic Voice Broadcasting ("Global Connect") to deliver pre-recorded messages to consumers via telephone.

25. Global Connect is a leading provider of web-based telephone voice messaging, which allows debt collectors, such as FINANCIAL RECOVERY, to conduct voice messaging campaigns at any time, and from any location, with only a telephone or a web-enabled computer being required.

26. Global Connect's voice messaging system allows debt collectors, such as FINANCIAL RECOVERY, to reach thousands of consumers via telephone with personalized messages within minutes.

27. According to Global Connect's website, its "Strategic Voice Messaging System" is a fast, easy, cost-effective way to increase portfolio penetration and collector efficiency.

28. Global Connect's "Strategic Voice Messaging System" utilizes an Interactive Voice Recognition ("IVR") technology which, according to Global Connect, makes it easy for "right party contacts to connect to [debt collector's] agents."

29. Within the one year immediately preceding the filing of this complaint, FINANCIAL RECOVERY used Global Connect's "Strategic Voice Messaging System" to place telephone calls to PAWELCZAK and deliver a pre-recorded voice message ("Message") whenever it detected a "live connect" (i.e., whenever the system's software detected that a live person had answered the telephone as opposed to a telephone answering machine or voicemail system).

30. The following is a transcription of the Message that FINANCIAL RECOVERY delivered to PAWELCZAK on April 27, 2010:

> "…a marketing phone call. If you are -- *Anna Pawelczak* -- please press the nine key to retrieve this important message or please return our call, toll-free, at *866-211-0336*. Thank you. Hello, this is a very important call for -- *Anna Pawelczak*. This is not a sales or marketing phone call. If you are -- *Anna Pawelczak* -- please press the nine key to retrieve this important message or please return our call, toll-free at *866-211-0336*. Thank you."

31. An electronic copy of the above Message is embedded in the electronic filing of this Complaint and may be heard by clicking ***here***.

32. The script for each of the Messages was prepared and approved by FINANCIAL RECOVERY. In addition, FINANCIAL RECOVERY provided Global Connect with Plaintiff's telephone number and controlled such settings as when to call Plaintiff, what message would be played when Global Connect detected a live connect, and how to route the call if certain keys were pressed.

33. FINANCIAL RECOVERY directed the Global Connect system to place calls to consumers using Global Connect's telephone lines using a Caller ID number manually supplied by FINANCIAL RECOVERY. FINANCIAL RECOVERY also directed the Global Connect system to connect consumers to FINANCIAL RECOVERY telephone lines whenever the consumer pressed 9 or dialed a toll-free number in response to a call from FINANCIAL

RECOVERY using Global Connect's telephone system and telephone lines.

34. The Message was delivered in connection with FINANCIAL RECOVERY's attempt to collect a "debt" as defined by 15 U.S.C. § 1692a(5).

35. The purpose of the Message was to collect a "debt" as defined by 15 U.S.C. § 1692a(5).

36. The purpose of the Message was to obtain information concerning a "consumer" as defined by 15 U.S.C. § 1692a(3).

37. The Message is a "communication" as defined by 15 U.S.C. § 1692a(2).

38. The Message was delivered, or caused to be delivered, by persons who are employed by FINANCIAL RECOVERY as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

39. The Message uniformly failed to identify FINANCIAL RECOVERY by name as the caller.

40. Each of the Messages uniformly failed to disclose that the communication was from a debt collector.

41. The Message uniformly failed to disclose the purpose or nature of the communication, i.e., an attempt to collect a debt.

42. At the time PAWELCZAK received the Message, she did not know that the call was from FINANCIAL RECOVERY.

43. At the time PAWELCZAK received the Message, she did not know that the call was from a debt collector.

44. At the time PAWELCZAK received the Message, she did not know that the call concerned the collection of a debt.

45. The telephone number "866-211-0336" is answered by debt collectors employed by FINANCIAL RECOVERY.

46. To date, PAWELCZAK has not received any written communications from FINANCIAL RECOVERY.

47. FINANCIAL RECOVERY intended that the Message have the effect of causing Plaintiff and unsophisticated debtors to dial into FINANCIAL RECOVERY's call center and speak with debt collectors in an attempt to collect a debt.

48. Scores of federal court decisions -- including the 11th Circuit Court of Appeals, the Northern and Central Districts of Illinois, and the District of Minnesota -- uniformly hold that the FDCPA requires debt collectors to disclose in its telephonic voice messages for consumers, such as the Message, that the call is from a debt collector.

49. At all times relevant to this action, FINANCIAL RECOVERY was aware of the substantial weight of legal authority requiring it to disclose in its telephonic voice messages for consumers, such as the Message, that the call is from a debt collector.

50. At all times relevant to this action, FINANCIAL RECOVERY willfully, deliberately, and intentionally chose not to disclose in its telephonic voice message for Plaintiff and similarly situated consumers, such as the Message, that the call is from a debt collector.

51. Scores of federal court decisions -- including the 11th Circuit Court of Appeals, the Northern and Central Districts of Illinois, and the District of Minnesota -- uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages for consumers, such as the Message, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

52. At all times relevant to this action, FINANCIAL RECOVERY was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in

telephonic voice messages for consumers, such as the Message, by accurately stating its company name and stating the nature and/or purpose of the call.

53. At all times relevant to this action, FINANCIAL RECOVERY willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages for consumers, such as the Message, by accurately stating its company name and stating the nature and/or purpose of the call.

54. FINANCIAL RECOVERY's act of delivering the Message to Plaintiff is conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

55. FINANCIAL RECOVERY's act of delivering the Message to Plaintiff constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

56. The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and state that FINANCIAL RECOVERY is a debt collector in a manner understandable to the unsophisticated debtor, FINANCIAL RECOVERY has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

## V. POLICIES AND PRACTICES COMPLAINED OF

57. It is Defendant's policy and practice to deliver pre-recorded telephonic voice messages to consumers and other persons, such as the Message, that violate the FDCPA by uniformly failing to:

    (a) Provide meaningful disclosure of FINANCIAL RECOVERY's identity as the caller;

  (b)  Disclose that the communication was from a debt collector; and

  (c)  Disclose the purpose or nature of the communication, i.e., an attempt to collect a debt.

58. On information and belief, the Message, as alleged in this complaint under the Facts Concerning Plaintiff, number at least in the hundreds.

## VI. CLASS ALLEGATIONS

59. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

60. This claim is brought on behalf of a Plaintiff Class, consisting of (a) all persons (b) with telephone numbers in the "847" and "224" area codes (c) to whom Defendant placed a telephone call using Global Connect's services (d) that registered a "live connect" and played the entire Message (e) where no keys were pressed during the call (f) during a period beginning on March 31, 2010, and ending on April 21, 2012.

61. The identities of all class members are readily ascertainable from the records of FINANCIAL RECOVERY and Global Connect.

62. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

63. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's pre-recorded Message violates 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11).

64. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

65. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

66. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's pre-recorded Message violates 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11).

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits,

    complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

67.  Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

68.  Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

69.  Defendant violated the FDCPA. Defendant's violations with respect to the Message include, but are not limited to, the following:

(a)  Placing telephone calls without providing meaningful disclosure of FINANCIAL RECOVERY's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(b)  Delivering pre-recorded telephonic voice messages that fail to disclose the purpose or nature of the communication, i.e., an attempt to collect a debt, in

        violation of 15 U.S.C. § 1692d(6);

(c)     Using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, which constitutes a violation of 15 U.S.C. § 1692e(10);

(d)     Failing to disclose in its initial communication with the consumer that FINANCIAL RECOVERY is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(e)     Failing to disclose in all oral communications that FINANCIAL RECOVERY is a debt collector in violation of 15 U.S.C. §1692e(11).

## VIII. PRAYER FOR RELIEF

70.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Class as follows:

A.     **For the FIRST CAUSE OF ACTION**:

    (i)     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing PAWELCZAK and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

    (ii)     An award of the maximum statutory damages for PAWELCZAK and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B);

    (iii)     Declaratory relief adjudicating that FINANCIAL RECOVERY's pre-recorded Message violates the FDCPA;

    (iv)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §

       1692k(a)(B)(3);and

(v)    For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:     February 6, 2012

                          Respectfully submitted,

                          s/ Daniel A. Edelman
                          Daniel A. Edelman
                          EDELMAN, COMBS, LATTURNER &
                          GOODWIN, LLC
                          120 S. LaSalle Street, Suite 1800
                          Chicago, Illinois 60603-3403
                          Telephone: (312) 739-4200
                          Facsimile: (312) 419-0379
                          E-Mail: dedelman@edcombs.com

                          William F. Horn
                          LAW OFFICE OF WILLIAM F. HORN
                          188-01B 71st Crescent
                          Fresh Meadows, NY 11365
                          Telephone: (718) 785-0543
                          Facsimile: (866) 596-9003
                          E-Mail: bill@wfhlegal.com

                          *Attorneys for Plaintiff, Anna Pawelczak and all others similarly situated*

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                s/Daniel A. Edelman
                                                Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

William F. Horn
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003