IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNA PAWELCZAK, an Individual, on Behalf of Herself and All Others Similarly Situated, | |
| Plaintiff, | Case No. 11 C 2214 |
| v. | Hon. Harry D. Leinenweber |
| FINANCIAL RECOVERY SERVICES, INC., a Minnesota Corporation; and JOHN and JANE DOES NOS. 1 THROUGH 25, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Class Certification. For the reasons stated herein, Plaintiff's Motion is granted.

### I. BACKGROUND

Plaintiff Anna Pawelczak ("Pawelczak") alleges that Defendant Financial Recovery Services, Inc. ("Defendant" or "FRS") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") by delivering pre-recorded telephone messages that failed to provide necessary disclosures under 15 U.S.C. §§ 1692d(6) and 1692e(11).

On or about April 19, 2010, Pawelczak, a resident of Mount Prospect, Illinois, incurred a financial obligation. In her Complaint, Pawelczak alleges that the obligation was for personal,

family or household purposes. She further states that sometime before April 19, 2010, her financial obligation was assigned, transferred, or sold to FRS for collection purposes. FRS is a debt collection company that specializes in collecting personal debts on behalf of creditors, using the U.S. Mail, the telephone, and the Internet.

On March 31, 2011, Pawelczak filed this lawsuit. During discovery, Pawelczak learned that FRS hired a third-party company, Global Connect ("Global Connect"), to place phone calls to Pawelczak and other similarly situated consumers, using Caller ID numbers manually supplied to Global Connect by FRS. The voice recording Pawelczak received stated:

> " . . .a marking phone call. If you are –
> Anna Pawelczak – please press the nine key to
> retrieve this important message or please
> return our call, toll-free, at 866-211-0336.
> Thank you. Hello, this is a very important
> call for - Anna Pawelczak. This is not a
> sales or marketing phone call. If you are -
> Anna Pawelczak - please press the nine key to
> retrieve this important message or please
> return our call, toll-free at 866-211-0336.
> Thank you."

Pl.'s Mot. for Class Certification at 4.

Other consumers received this identical message only with their name replacing Pawelczak's. Pawelczak alleges that these calls failed to identify FRS as the source of the call, and failed to indicate that the purpose of the call related to collecting a debt as is required by the FDCPA.

On July 10, 2012, Pawelczak filed the instant motion for class certification. Pawelczak seeks to certify a class of persons who meet the following definition:

> (a) all persons (b) with telephone numbers in the "847" and "224" area codes (c) to whom Defendant placed a telephone call using Global Connect's services (d) that registered a "live connect" and played the entire Message (e) where no keys were pressed during the call (f) during a period beginning on March 31, 2010, and ending on April 21, 2010.

Pl.'s First Am. Compl. at 10.

Defendant opposes the certification of such a class, arguing that (1) the proposed class is not objectively identifiable; (2) individual issues predominate; (3) there are no common questions of law or fact; (4) Pawelczak's claims are not typical claims of the putative class; and (5) Pawelczak fails to fulfill Federal Rule of Civil Procedure 23(a)(4)'s fairness and adequacy requirements. Defendant also argues that because the amended class includes persons whose claims are time-barred the class should not be certified.

## II. LEGAL STANDARD

To certify a class under Federal Rule of Civil Procedure 23 ("Rule 23"), a court must find: (a) that the class is definite enough that its members are identifiable, and (b) that it satisfies not only the requirements of Rule 23(a), but also one of the three subsections of Rule 23(b). *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 493 (7th Cir. 2012). Rule 23(a) requires that class

- 3 -

members be so numerous that joining each is impracticable (numerosity); that there be class-wide questions of law or fact (commonality); that the named parties' claims or defenses be typical of the class (typicality); and that the representative be able to protect the class's interests adequately (adequacy). FED. R. CIV. P. 23(a).

Here, Pawelczak proceeds under Rule 23(b)(3), which provides that certification is only appropriate if the common questions of law or fact "predominate over any questions affecting only individual members, and . . . a class action is superior" to other available adjudication methods. FED. R. CIV. P. 23(b)(3). The Court must conduct a rigorous analysis to determine whether Pawelczak has shown, by a preponderance of the evidence, that the class meets the Rule 23 criteria. *Messner v. Northshore Univ. Health Sys.*, 669 F.3d 802, 811 (7th Cir. 2012). In doing so, the Court must resolve material disputed facts. *Id.*

### III. DISCUSSION

#### A. Objectively Identifiable

When determining whether to certify a class, the court "must decide whether the proposed class is sufficiently identifiable." *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366, 369 (N.D. Ill. 2008). "A class is identifiable if class members can be ascertained based on objective criteria." *Id.* FRS argues that Pawelczak's proposed class is not identifiable because

individualized inquiries are necessary to determine whether individual class members heard the entire message and because inquiries are necessary to determine whether class members heard the message twice.

FRS argues that Pawelczak's proposed class should not be certified because Pawelczak cannot establish whether class members received at least two phone calls from FRS through Global Connect. FRS argues that because the plain language of Section 1692d(6) uses the phrase "telephone calls" as opposed to "a telephone call," in order to violate the statute a debtor must establish that they received at least two calls. Def.'s Opp. to Pl.'s Mot. for Class Certification at 4.

The Court finds FRS' argument unavailing. FRS cites only one case from the Southern District of Florida to support its position. Moreover, Defendant neglects to address Congress' instructions to litigants when determining the meaning of statutes. "[U]nless the context indicates otherwise . . . words importing the plural include the singular." 1 U.S.C. § 1.

The Court also finds cases in this District disagree with Defendant's interpretation of Section 1692d(6). *See Tang v. Medical Recovery Specialists, LLC*, No. 11-C-2109, 2011 WL 6019221 at *3 (N.D. Ill. July 7, 2011) (finding that a plaintiff had standing to bring a claim under Section 1692d(6) of the FDCPA for one call she received from a collection agency because the agency did not provide meaningful disclosure of its identity as is

- 5 -

required by the FDCPA.); *see also D.G. v. William W. Siegel & Assoc.*, 791 F.Supp.2d 622, 625 (N.D. Ill. 2011) (refusing to dismiss a plaintiff's FDCPA claim finding that "[a] debtor violates the FDCPA by placing *a telephone call* and failing to meaningfully disclose its identity.") (emphasis added).

The Court is equally unconvinced with Defendant's other arguments regarding Pawelczak's proposed class being objectively unidentifiable. FRS alleges that the proposed class cannot be certified because the call duration, (an amount of time agreed to by the parties pursuant to this Court's prior orders), fails to indicate whether an individual class member heard the entire recording. Here again, Defendant fails to cite any relevant authority which suggests that a claimant under the FDCPA must hear an entire recording from a debt collectors in order to have a viable claim. Instead, the Seventh Circuit, in *Bartlet v. Heibl*, found that when a debtor is seeking only statutory damages, "a penalty [under the FDCPA] does not depend on proof that the recipient of the letter was mislead" and a plaintiff debtor could have a claim even if they did not actually read the contents of the letter. *Bartlet v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997.)

The Court finds a debtor's failure to read a debt collection letter analogous to the situation of a debtor failing to listen to the entirety of a voice recording and here, like *Bartlett*, Pawelczak and the proposed class seek only statutory damages.

- 6 -

Thus, the Court finds Pawelczak has sufficiently alleged an objectively identifiable class.

### B. Rule 23(a)(1) Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Rule 23(a)(1). While there is no "magic number" of class members for numerosity purposes, generally, joinder of 40 members is considered impracticable. *Hale v. AFNI, Inc.*, 264 F.R.D. 402, 404 (N.D. Ill. 2009). Plaintiff's proposed class includes at least 1,000 individuals and Defendant offers no objection to numerosity. Thus, the Court finds numerosity satisfied. *See Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 956 (7th Cir. 1989).

### C. Rule 23(a)(2) Commonality

Under Rule 23(a)(2), there must be a question of law or fact common to the class to certify a class. Rule 23(b)(3), discussed below, further requires that those common questions of law or fact predominate over the questions pertaining only to individual class members. *See* FED. R. CIV. P. 23(b)(3). Generally, commonality exists if the defendant engaged in "standardized conduct" toward the members of the proposed class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 658-59 (N.D. Ill. 2006).

FRS challenges Pawelczak's ability to satisfy both commonality and typicality requirements of Rule 23(a). FRS argues that factual determinations for each class member will vary in this case,

thereby leaving the commonality requirement unsatisfied. Specifically, Defendant's argue that individual fact inquiries for each class member include "who answered the call, whether the answering party heard the entire message, whether the answering party heard at least two message[s] during the class period, whether the answering party was a consumer, whether the live message was the initial communication . . . , and whether that communication was the initial or subsequent communication and the circumstances under which it was received." Def.'s Opp. to Pl.'s Mot. for Class Cert. at 10.

"The requisite common nucleus of operative fact exists in FDCPA claims when the controversy arises from a standard form debt collection letter." *Quiroz v. Revenue Production Management, Inc.*, 252 F.R.D. 438, 442 (N.D. Ill. 2008). Here, FRS admits that the exact same script of a pre-recorded message played to Pawelczak and other consumers after phone numbers Global Connect received from FRS were dialed and a connection was made. *See* Decl. of Darrin Bird, Def.'s Opp. to Pl.'s Mot. for Class Certification, Ex. B. As such, the Court finds the pre-recorded voicemail comparable to a debt collection form letter, and therefore finds commonality satisfied under Rule 23(a)(2). *See Smith v. Greystone Aliance LLC*, No. 09 C 5585, 2010 U.S. Dist. LEXIS 67365 *18-21 (N.D. Ill. June 30, 2010) (certifying a class comprising of "all natural persons in the state of Illinois with whom the Defendant left voice

- 8 -

messages that do not disclose that the message is from a debt collector . . . ") (*vacated on other grounds*).

## D. Rule 23(a)(3) Typicality

In order to satisfy the typicality requirement of Rule 23(a)(3), "the claims and defenses of the class representative must be typical of the claims and defenses of the putative class members." *Quiroz*, 252 F.R.D. at 442 citing Fed. R. Civ. P. 23(a)(3).

Defendant argues Pawelczak's claims are atypical because there is no evidence that Plaintiff heard the entire message twice and there is no evidence that Pawelczak's debt was a consumer debt. The Court is not persuaded by either argument. "The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). Pawelczak's proposed class includes members from two different area codes that received the exact same pre-recorded message she did. Thus, the Court finds her claims to be sufficiently typical of the class.

## E. Rule 23(a)(4) Adequacy

The final element required under Rule 23(a) is that the named class member must be "able to fairly and adequately represent the interests of absent class members." Fed. R. Civ. P. 23(a)(4). When making this determination, the Court must inquire whether the named

plaintiff, "has antagonistic or conflicting claims with other members of the class or (2) has a sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) has counsel that is "competent, qualified, experienced and able to vigorously conduct the litigation." *Quiroz*, 252 F.R.D. at 442 citing *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291, 297 (N.D. Ill. 2007).

FRS argues that Pawelczak is an inadequate class representative because the proposed class includes members who actually answered the phone and received FRS's live message, but Pawelczak did not. FRS also argues Pawelczak's filing of 11 other lawsuits, and dismissal of class claims in seven of those suits is indicative of her inadequacy as a named representative in this suit. The Court is not persuaded.

In order to satisfy Rule 23(a)(4), the class representative "need not understand the larger legal theories upon which her claim is based." *Murray v. E*Trade Fin. Corp.*, 240 F.R.D. 392, 398 (N.D. Ill. 2006). Meeting this standard, is "not too difficult." *Murray v. New Cingular Wireless Serv., Inc.*, 232 F.R.D. 295, 300 (N.D. Ill. 2005). Because of this, the Court finds the manner in which Pawelczak received FRS' pre-recorded voice message completely irrelevant to the inquiry of whether her claims are conflicting or antagonistic with that of the other members of the class. Moreover, the Court refuses to consider any of Defendant's

allegations regarding Pawelczak's decisions to proceed as a class in other lawsuits.

In addition to an adequate named class representative, Rule 23(a)(4) also requires that the proposed class have counsel that is "experienced, competent, qualified, and able to conduct the litigation vigorously." *Cavin v. Home Loan Ctr.*, 236 F.R.D. 387, 393 (N.D. Ill. 2006). Defendants do not challenge the ability of Mr. Horn or any of the other attorneys. For these reasons, the Court finds the adequacy requirement of Rule 23(a)(4) satisfied.

### F. Rule 23(b)(3) Predominance

Rule 23(b)(3)'s predominance requirement is more stringent than Rule 23(a)'s commonality requirement. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997). "If individual issues predominate, then class certification is usually not a superior method for resolving the controversy, since management of the issues will not be efficient." *Quiroz*, 252 F.R.D. at 443. Defendant argues that Pawelczak failed to meet her burden under Rule 23(b) because it will be necessary for the Court to make individual inquiries regarding each class member. Defendant alleges that because factual determinations need to be made regarding who answered the call, whether the person who answered heard the entire message, and whether the answering party was a consumer, that these inquiries make the case one that cannot be adjudicated on a class wide basis. The Court disagrees.

Section 1692d of the FDCPA prohibits debt collectors from harassing, oppressing, or abusing any person in connection with the collection of a debt. 15 U.S.C. § 1692d. To that end, Section 1692d(6) requires a debt collector to provide "meaningful disclosure" of its identity when placing a telephone call. *Id.* While the statute does not define "meaningful disclosure," it is well established that the statute requires debt collectors to disclose (1) the name of the debt collection company, and (2) that the purpose of the phone call is to collect a debt. *Hutton v. C.B. Accounts, Inc.*, No. 10-3052, 2010 U.S. Dist. LEXIS 77881, *8 (N.D. Ill. Aug. 3, 2010). Because of this, the Court does not find any of the alleged individual fact inquiries material to any class member in determining Defendant's liability under the FDCPA. The plain language of the statute is such that one's recovery is not based upon who answered the phone or the length of time an individual heard a recording. Instead, "[a] debt collector violates the FDCPA by placing a telephone call and failing to meaningfully disclose its identity." *William W. Siegel & Assoc., LLC*, 791 F.Supp.2d at 625. As such, the Court finds Pawelczak's proposed class satisfies Rule 23(b)(3)'s predominance requirement.

### G. Rule 23(b)(3) Superiority

Under Rule 23(b)(3) the Court must also determine whether the proposed class satisfies Rule 23(b)'s superiority requirement. "A class is superior where potential damages may be too insignificant to provide class members with incentive to pursue claims

individually." *Jackson v. Nat'l Action Fin. Serv.*, 227 F.R.D. 284, 290 (N.D. Ill. 2005). The FDCPA permits individual plaintiffs to recover up to $1,000 in statutory damages. *See* 15 U.S.C § 1692k. Thus, the potential recovery for an individual plaintiff is unlikely to provide sufficient incentive for individual members to bring their own claims. Moreover, courts have held that FDCPA class actions are usually superior for reasons of judicial economy. *See generally*, *Kremnitzer v. Cabrera & Rephen, P.C.*, 202 F.R.D. 239, 242 (N.D. Ill. 2000). As a result, the Court finds certification of the proposed class appropriate under Rule 23(b)(3) as well.

### H. Class Claims and Statute of Limitations

Finally, Defendant argues that Pawelczak's proposed class should not be certified because the class definition includes class members who have claims which are barred by the FDCPA's statute of limitations.

Under § 1692k(6) of the FDCPA, "[a]n action to enforce any liability" must be brought "within one year from the date on which the violation occurs." Any communications made outside the "statutorily permitted time period" of one year are time-barred and may not be considered by the court. *See* 15 U.S.C. § 1692k.

Pawelczak filed this suit on March 31, 2011. Pawelczak filed her Amended Complaint on February 23, 2012. In her proposed class, Pawelczak seeks to include all individuals who received calls from FRS from March 31, 2010 to April 21, 2012. FRS argues those class

members who received calls from March 31, 2010 through February 22, 2011 have claims that are time barred since Pawelczak's initial filing did not toll the statute of limitations. The Court disagrees.

"An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." FED. R. CIV. P. 15(c)(1). While the rule "does not explicitly address the relation back questions which arise when an amendment substitutes or adds plaintiffs, it is clear that the considerations established in the rule were intended to apply to such amendments." *Paskuly v. Marshall Field & Co.*, 494 F.Supp. 687, 688 (N.D. Ill. 1980).

In *Selburg v. Virtuoso Sourcing Group, LLC*, the defendant argued that a plaintiff's proposed class should not be certified because some of the proposed class had claims which were time-barred. *Selburg v. Virtuoso Sourcing Group, LLC*, 2012 WL 4514152 at *4-5 (S.D. Ind. Sept. 29, 2012). In *Selburg*, the plaintiff initially filed suit in November 2011 alleging that defendant violated the FDCPA for a letter sent in November 2010. *Id.* at *4. Three months later, the plaintiff amended her complaint to include class action claims. The defendant argued that those class members with claims regarding the November 2010 letter were time barred because the claims did not fall within the FDCPA's one year statute

of limitations. *Id.* The court did not agree and held that because the plaintiff's class allegations arose from the same defect contained in the plaintiff's initial complaint – that is, the defendant's failure to provide the necessary disclosures in the November 2010 collection letter – the plaintiff's original allegations and the amended class allegations concerned the exact same conduct and sufficiently "related back" to the date of the original filing. *Id.* at *6.

The Court finds *Selburg* analogous to the instant case, and as such finds that Pawelczak's amended complaint and proposed class relate back to the date of her initial complaint. Thus, the Court does not find any claims of the proposed class time-barred.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Class Certification is granted.

**IT IS SO ORDERED.**

                                      Harry D. Leinenweber, Judge
                                      United States District Court

**DATE:** 10/26/2012