IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNA PAWELCZAK, an individual; on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No.: 11-cv-02214 |
| v. ) ) | Judge: Leinenweber |
| FINANCIAL RECOVERY SERVICES, INC., a ) Minnesota Corporation, ) ) | Magistrate Judge Kim |
| Defendant. ) | |

## MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT

Plaintiff, Anna Pawelczak ("Plaintiff"), individually, and as representative of the class of persons defined below in Paragraph 4(a)("Class"), and Defendant, Financial Recovery Services, Inc., ("FRS"), request that this Court enter an order which (i) preliminarily approves the Class Settlement Agreement ("Agreement") attached as Exhibit A; (ii) sets dates for Class members to opt out, object, or return a claim form; (iii) schedules a hearing for final approval of the Agreement; (iv) approves the mailing of notice to the Class in the form of Exhibit 1 to Exhibit A; and (v) finds that the mailing of such notice satisfies due process. A copy of the proposed preliminary approval order is attached as Exhibit 2 to Exhibit A.

1. Plaintiff alleges that Defendant engaged in false and misleading collection practices, and thereby violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692, *et seq.*, by failing to make proper disclosure of its identity and state that the call was for collection purposes in pre-recorded telephone voice messages intended to be played for Plaintiff and the Class.

2. After extensive arms-length discussions, the Parties reached a settlement resolving the claims of Plaintiff and the Class, as set forth in the Agreement attached hereto as Exhibit A. Defendant denies liability to Plaintiff and the Class for the claims alleged.

3. Counsel for the Parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the Litigation[1] to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Based upon counsel's review and analysis, the Parties have entered into the Agreement.

4. The Parties desire to settle and compromise the Litigation on the terms and conditions embodied in the Agreement and agree as follows**:**

    a. Class. On October 26, 2012 the Court certified a class defined as:

        (a) all persons (b) with telephone numbers in the "847" and "224" area codes (c) to whom Defendant placed a telephone call using Global Connect's services (d) that registered a "live connect" and played the entire Message (as defined in the Amended Complaint) (e) where no keys were pressed during the call (f) during a period beginning on March 31, 2010, and ending on April 21, 2012.

        Pursuant to the Court's order of May 10, 2012 Defendant provided to Plaintiff's attorneys a list of 1,598 persons that fall within the above-definition as defined by the Court.

    b. Relief to Plaintiff**.** Defendant agrees to pay $2,500.00 to Plaintiff.

    c. Class Recovery. Defendant will create a class settlement fund of $42,400.00 ("Class Recovery"). $42,400.00 is 1% of Defendant's net worth. One percent of a defendant's net worth is the maximum that a class can recover under § 1692k(a)(2)(B) of the FDCPA. A settlement administrator will distribute the $42,400.00 *pro rata* to each Class Member who does not exclude him or herself and who timely returns a claim form ("Claimants"), however, no Class Member will receive more than $1000. Deceased persons and persons who have filed for

---

[1] The definitions and terms used in the Agreement are adopted and incorporated herein by reference.

bankruptcy pursuant to Chapter 7 are excluded. Claimants will receive a *pro rata* share of the Class Recovery by check. Checks issued to Claimants will be void after 60 days. If any portion of the Class Recovery remains 30 days after the void date on the Claimants' checks, these remaining funds will be distributed as follows: up to 25% of the remaining funds shall be distributed to Defendant as reimbursement for any costs it incurs for Class Notice and Administration, and the remainder shall be distributed to the Illinois Bar Foundation. The payment to Defendant shall not exceed 25%, however, in the event that costs for Class Notice and Administration are less than 25% of the remaining funds, Defendant shall be paid an amount equal to the costs of Class Notice and Administration with the remaining funds to be paid to the Illinois Bar Foundation as a *cy pres* award.

    d.    <u>Attorneys' Fees and Costs</u>. Subject to the Court's approval, Defendant shall pay Class Counsel $60,000.00, as attorneys' fees and costs incurred with respect to the Litigation.

    e.    <u>Class Notice</u>. Within 30 days of entry of the Preliminary Approval Order, Defendant shall cause actual notice, in the form of <u>Exhibit 1</u> to the Agreement, to be mailed to the last known addresses of the members of the Class, according to Defendant's records. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause any such returned notice to be forwarded to the address provided within four business days of receipt. If final approval is granted, the Parties shall retain the class list and a list of class members who opted in or excluded themselves for six months thereafter, and may destroy them after that period.

    f.    <u>Class Members' Right to Opt Out</u>. Any Class Member may seek to be excluded from the Agreement by opting out within the time period set by this Court. Any Class Member who opts out of the Class and Agreement shall not be bound by any prior Court order or the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement.

5.    Based on experience, Class Counsel expects that between 10-20% of the class members will submit claim forms. As there are approximately 1,598 Class members, if 10% of the Class Members return a claim form, each Claimant will receive, approximately, $530. If 20% return a claim form, each Claimant will receive, approximately, $265.

6.    The FDCPA caps a class recovery at 1% of the debt collector's net worth. Based upon the financials that FRS has provided to Class Counsel and the nature of the claims alleged,

3

Class Counsel believe that the Agreement is fair and reasonable, would be in the best interest of the Class members, and should be approved by the Court.

7. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the Parties hereto and shall not be used in any subsequent proceedings, in this or any other litigation, or in any manner whatsoever.

8. Plaintiff and Defendant request that the Court set the following schedule for the proposed Agreement:

- a. Class Notice (<u>Exhibit 1 to Exhibit A</u>) is to be mailed within 30 days of entry of the Preliminary Approval Order;

- b. Class members shall have until 45 days after the initial mailing of the notice to exclude themselves from or object to the proposed settlement. Any class members desiring to exclude themselves from the action must serve copies of the request on counsel for both Plaintiff and Defendant by that date. Any class members who wish to object to the settlement must submit an objection, in writing, to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, and serve copies of the objection on counsel for both Plaintiff and Defendant by that date. Any objection must include the name and number of the case and a statement of the reason(s) why the objector believes that the Court should find that proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of the settlement. The request for exclusion or objection must be postmarked by a date 45 days after the initial mailing of the class notice.

- c. To receive a portion of the Class Recovery, the Class Members must complete, return, and postmark a claim form by a date 45 days after the initial mailing of the notice. The claim form will be sent with the Class Notice.

- d. A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by counsel for the Class will be held before this Court on a date at least ninety (90) days from the entry of the preliminary approval order.

9. In the event that there is any conflict between any provision of this Motion and the Settlement Agreement between the Parties, the Parties intend for the Agreement to Control, subject to Court approval.

WHEREFORE, the Parties respectfully request that the Court enter an order in the form of Exhibit 2 to the Agreement, which (i) grants preliminary approval of the proposed settlement, (ii) approves and directs the mailing of the notice, in the form of Exhibit 1 to the Agreement and finds that the mailing of such notice satisfies the requirements of due process, (iii) sets dates for Class members to opt-out, object, or return a claim form; and (iv) schedules a hearing for final approval under FED. R. CIV. P. 23(c)(2).

| **Attorneys for Plaintiff and the Class:** | Respectfully submitted, |
|---|---|
| Daniel A. Edelman<br>Francis Greene<br>EDELMAN, COMBS, LATTURNER & GOODWIN, LLC<br>120 South LaSalle Street, Suite 1800<br>Chicago, IL 60603<br>Telephone 312.739.4200 | ANNA PAWELCZAK<br><br>By: /s/ *Francis R. Greene*<br>   One of her Attorneys |
| William F. Horn<br>LAW OFFICE OF WILLIAM F. HORN<br>188-01B 71st Crescent<br>Fresh Meadows, NY 11365<br>Telephone: 718.785.0543<br>Facsimile: 866.596.9003 | |
| **Attorneys for Defendant:** | Respectfully submitted,<br>FINANCIAL RECOVERY SERVICES, INC. |
| David M. Schultz<br>Jennifer W. Weller<br>HINSHAW & CULBERTSON LLP<br>222 N. LaSalle Street, Suite 300<br>Chicago, IL 60601<br>Telephone: 312.704.3000<br>Facsimile: 312.704.3001 | By: /s/*Jennifer W. Weller*<br>   One of its Attorneys |