

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNA PAWELCZAK, an individual; on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | Case No. 1:11-cv-02214 |
| v. ) ) ) | Judge Harry D. Leinenweber |
| FINANCIAL RECOVERY SERVICES, INC., a ) Minnesota Corporation, et al ) ) ) | Magistrate Judge Kim |
| Defendant. ) | |

## FINAL APPROVAL ORDER

Upon consideration of the Parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, ANNA PAWELCZAK ("Plaintiff"), individually, and as representative of the class of persons defined below ("Class"), and Defendant, FINANCIAL RECOVERY SERVICES, INC., ("FRS"), the Court orders and finds as follows:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class members, and FRS.

2. On March 19, 2013, the Court preliminarily approved the Agreement on behalf of Plaintiff and a Class consisting of:

> (a) all persons (b) with telephone numbers in the "847" and "224" area codes (c) to whom Defendant placed a telephone call using Global Connect's services (d) that registered a "live connect" and played the entire Message (as defined in the Amended Complaint) (e) where no keys were pressed during the call (f) during a period beginning on March 31, 2010, and ending on April 21, 2012.

3. The Court approved a form of notice for mailing to the class. The Court is informed that actual notice was sent by first class mail to approximately 1,581 class members by First Class, Inc., the settlement administrator. A total of 256 envelopes were returned by the

United States Postal Service, four of which were returned with forwarding addresses and re-mailed. No class members requested exclusion, and no objections were filed or received. A total of 191 class members timely returned the proof of claim form and are entitled to a share of the monetary benefits of the settlement. As of the fairness hearing, 9 Settlement Class members submitted a timely unsigned claim form, and 7 Settlement Class members submitted a late claim form, one of which was unsigned. Settlement Class members who submitted late or unsigned claim forms which were received as of the date of the fairness hearing are entitled to a *pro rata* share of the settlement fund.

4. On June 26, 2013 the Court held a fairness hearing to which class members, including any with objections, were invited. No class members have objected or requested exclusion from the settlement.

5. The Court finds that provisions for notice to the class satisfy the requirements of Federal Rule of Civil Procedure 23 and due process.

6. The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by Defendant. Upon the Effective Date, as that term is defined in the Agreement, Defendant shall make the following payments:

    a. Defendant will create a class settlement fund of $42,400.00 ("Class Recovery"), which a settlement administrator, First Class, Inc. will distribute *pro rata* among Class Members who did not exclude themselves from the settlement, who timely returned a claim form and who can be located ("Claimants"). Claimants will receive a *pro rata* share of the Class recovery by check. Checks issued to Claimants will be void after 60 days. If any portion of the Class Recovery remains 30 days after the void date on the Claimants' checks, these remaining funds will be distributed as follows: up to 25% of the remaining funds shall be distributed to Defendant as reimbursement for any costs it incurs for Class Notice and Administration, and the remainder shall be distributed to the Illinois Bar Foundation. The payment to Defendant shall not exceed 25%, however, in the event that costs for Class Notice and Administration are less than 25% of the

2

    remaining funds, Defendant shall be paid an amount equal to the costs of Class Notice and Administration with the remaining funds to be paid to the Illinois Bar Foundation as a *cy pres* award.

b.  Defendant shall pay $2,500 to Plaintiff.

c.  Class Counsel will receive attorneys' fees and costs in the amount of $60,000.00. Class Counsel will not request additional fees or costs from Defendant or the class members.

7.  The Parties grant the following releases:

a.  Plaintiff, Anna Pawelczak, including each and every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (in their capacities as such) (collectively "Releasors"), releases and discharges Defendant, Financial Recovery Services, Inc., as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, and assigns (in their capacities as such) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasor now has or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in the Litigation including all claims relating to FRS's collection activity.

b.  Each member of the Class who does not opt out releases and discharges the RELEASED PARTIES of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs arising out of or related to FRS's voice recordings alleged in the Litigation.

c.  IT IS EXPRESSLY STATED that the releases above DO NOT release any defense Plaintiff and each Class member may have with respect to the underlying debts which FRS was attempting to collect.

d.  FRS does **NOT** release its claims, if any, against Plaintiff or any member of the Class for the payment of his or her debts. The underlying debts Defendant sought to collect are not affected by this Agreement. This Agreement does not prevent Defendant from continuing to attempt to collect the debts allegedly owed by the Class members.

8.  The Court finds the Agreement fair and made in good faith.

130528054 0923010

9. The terms of the Agreement are incorporated into this order. This order shall operate as a final judgment and dismissal with prejudice of the claims in this action.

10. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this order.

ENTERED: _____
Harry D. Leinenweber
United States District Court Judge

DATE: 6/26/2013